Javier Trujillo **PEREZ**, Petitioner—
Appellant,

v.

Arthur **CALDERON**, Warden,
Respondent—Appellee.

No. 01–16884.

D.C. No. CV–00–05816–AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Dec. 24, 2002.

Before COWEN,* HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Javier Trujillo Perez ("Perez") seeks a writ of habeas corpus on his first-degree

* Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

murder conviction. The district court was correct in denying Perez's petition because the California state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

Perez claims that his attorney rendered ineffective assistance of counsel by failing to argue in closing that because Perez was intoxicated he did not possess the requisite intent for first-degree murder. To prevail, Perez must show that (1) his counsel's actions were outside the range of professionally competent assistance, and (2) he was prejudiced by his counsel's actions. *Strickland v. Washington,* 466 U.S. 668, 690–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), prejudice is presumed in cases where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659, 104 S.Ct. 2039. An assessment of prejudice is necessary in this case, however, because counsel's failure to argue one of Perez's possible defenses, however negligent, does not constitute a wholesale "abandonment of the defense." *United States v. Swanson,* 943 F.2d 1070, 1074 (9th Cir.1991); *see also Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002) (holding that an attorney's failure "must be complete" to warrant the presumption of prejudice).

The California court's conclusion that Perez has failed to prove prejudice is not objectively unreasonable. Perez's primary theory of defense was that the shooting was an accident, and there was some evidence to support this theory. While a theory of intoxication also involves a lack of intent, it is some what inconsistent with a theory of accident because accident implies a complete lack of mens rea, while an

intoxication defense suggests a reduced mens rea, such as recklessness. The inconsistency in these two arguments lessens the amount of prejudice that would result from neglecting to argue one of them.

In addition, the jury heard all the evidence that Perez may have been intoxicated that night, and was instructed on the legal effect a finding of intoxication would have. Further, the evidence of the degree of Perez's drunkenness was contradicted and inconclusive. Thus, it was not unreasonable for the court to conclude that Perez had not established that, but for his counsel's conduct, there was a reasonable probability that the result would have been different.

AFFIRMED.